UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIELLE C PAYTES, on behalf of herself and all others similarly situated, ) ) ) | |
| PLAINTIFF, ) ) | Civil Action No. 16-cv-06304 |
| v. ) ) | |
| NCB MANAGEMENT SERVICES INCORPORATED, ) ) ) | |
| DEFENDANT. ) | <u>Jury Demanded</u> |

## **COMPLAINT**

Plaintiff, Danielle C. Paytes, on behalf of herself and all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and alleges:

### **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

### **STANDING**

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Plaintiff further suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with attempt to collect an alleged debt from Plaintiff.

## PARTIES

5. Plaintiff, Danielle Paytes ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Bank of America consumer credit account. Plaintiff is thus a consumer as that term is defined at 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant NCB Management Services, Inc. ("NCB") is a Pennsylvania corporation that transacts business in the state of Illinois, with its registered agent located at CT Corporation System, 280 S. LaSalle Street, Suite 814, Chicago, IL 60604. (Exhibit A, Record from Illinois Secretary of State).

7. NCB is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. NCB holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

9. NCB regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10. Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Bank of America consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

11. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

12. NCB was subsequently retained or hired to collect the alleged debt.

13. On or about September 8, 2015, NCB mailed Plaintiff a collection letter ("Letter"). (Exhibit C, Collection Letter).

14. Exhibit C is a form letter.

15. The Letter conveyed information about the alleged debt, including an account number, the identity of the creditor, and an amount due.

16. Thus, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

17. The back of the Letter contains "Electronic Payment Authorization" instructions, including how to authorize electronic payments by phone, how to do so by mail, how to correct erroneous payments, and finally, information regarding Plaintiff's right to cancel.

18. NCB requires the consumer to provide a "deposit account," which is a bank account, in order to authorize electronic payments.

19. NCB requires advanced authorization to process electronic transfers from bank accounts.

20. NCB withdraws the payments from the consumer's bank account over time.

21. Thus, NCB's Electronic Payment Authorization is a preauthorized electronic transfer as as defined by Regulation E of the Electronic Funds Transfer Act.

22. NCB's letter defines Plaintiff's Right to Cancel as follows:

> **Right to Cancel. You may cancel this Authorization by calling us toll free at the listing on the front of this letter at least three business days before you wish the cancellation to be effective.**

23. In fact, Plaintiff is not required to call NCB in order to cancel an Electronic Payment Authorization.

24. Regulation E applies to Plaintiff's bank account, as it applies to all consumer bank accounts.

25. Regulation E provides important consumer rights with respect to preauthorized transfers.

26. 12 CFR 205.10(c)(1), states in relevant part:

**Preauthorized transfers**

**(c) Consumer's right to stop payment**

**(1) Notice. A consumer may stop payment of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer. . . .**

27. Plaintiff can cancel an Electronic Payment Authorization orally, or in writing, as long as she does so, as correctly pointed out by NCB, at least three business days before the scheduled payment.

28. Plaintiff can also cancel such authorization with her own financial institution and does not even need to communicate with Defendant to cancel its Electronic Payment Authorization.

29. Defendant materially misstated the law with respect to Plaintiff's right to cancel Electronic Payment Authorizations when it listed only one option under "Right to Cancel," namely, calling and speaking with a debt collector.

30. Plaintiff thought, and the unsophisticated consumer would think, that they are required to call NCB to cancel authorization for an electronic payment.

31. "It is notorious that trying to get through to an 800 number is often a vexing and protracted undertaking", and requiring consumers to call when in fact they are permitted to write

is an invitation to just the sort of coercive tactics in debt collection the FDCPA is designed to prevent. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000) (holding that requiring a consumer to call a collectors toll free number to find out the amount of the debt owed failed to comply with the FDCPA).

32. Defendant is in effect making the consumer call in, and speak to a debt collector, before allowing her to cancel an authorized payment, no doubt to engage in another attempt to collect the alleged debt.

33. Defendant's practice, as communicated by it to consumers, has the effect of discouraging consumers from ever cancelling a payment authorization, even if if they have a legitimate need to do so (e.g. an emergency).

34. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

35. NCB made a materially false statement, in violation of 15 U.S.C. §§ 1692e and 1692e(10) when it misstated Plaintiff's right to cancel an Electronic Payment Authorization in writing, or with her own financial institution.

36. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

37. NCB used unfair means to attempt to collect any debt, in violation of § 1692f, when it inaccurately limited its instructions to Plaintiff about how she could cancel an Electronic Payment Authorization to calling its toll free number.

38. NCB could have fully listed Plaintiff's rights, or simply not included the information at all as it is not required to. By providing only a half-truth, NCB confused Plaintiff and confused the unsophisticated consumer.

39. Further, on information and belief, NCB does in fact accept written cancellation of electronic payment authorizations.

40. NCB did not intend to limit Plaintiff to calling its toll free number to cancel an Electronic Payment Authorization.

41. NCB made the false threat in order that Plaintiff would call its debt collectors to cancel an electronic payment instead of doing so in writing, or doing so with her own financial institution.

42. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.. . . .**

43. NCB threatened an action not intended to be taken, in violation of 15 U.S.C. § 1692e(5), when it only listed Plaintiff's Right to Cancel as a phone call when in fact it would have accepted a written communication.

44. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

46. NCB made a materially false statement, in violation of 15 U.S.C. §§ 1692e and 1692e(10) when it misstated Plaintiff's right to cancel an Electronic Payment Authorization in writing, or with her own financial institution.

47. NCB used unfair means to attempt to collect any debt, in violation of § 1692f, when it inaccurately limited its instructions to Plaintiff about how she could cancel an Electronic Payment Authorization to calling its toll free number.

48. NCB threatened an action not intended to be taken, in violation of 15 U.S.C. § 1692e(5), when it only listed Plaintiff's Right to Cancel as a phone call when in fact it would have accepted a written communication.

## CLASS ALLEGATIONS

49. Plaintiff, Danielle Paytes, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt, upon which Defendant sent a letter substantially similar to that of exhibit C, which states that the way to cancel an Electronic Payment Authorization is by calling Defendant's toll free number, and does not list other methods for cancelling an Electronic Payment Authorization.

50. As Exhibit C is a form letter, the Class likely consists of more than 35 persons from whom Defendants attempted to collect a debt.

51. Plaintiff Paytes' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

52. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

53. Plaintiff Paytes will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Paytes has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

    A. Statutory damages in favor of all class members pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@woodfinkothompson.com
celethachatman@woodfinkothompson.com